[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11951

_____

BETTY M. SMITH,
as personal representative of the
estate of Shirley T. Cox,
JUDITH A. BALLEW,
Attorney-in-Fact of John E. Ballew,
MARK F. LAPP,
as personal representative of the
estate of Roger J. Lapp,

Plaintiffs-Appellants,

*versus*

MARCUS & MILLICHAP, INCORPORATED,

Defendant,

2                    Opinion of the Court                    22-11951

MICHAEL BOKOR,

                                                  Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cv-00381-WFJ-AAS

_____

Before BRANCH, LUCK, and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

This appeal arises from a putative class action filed on behalf of Florida skilled nursing facility residents and their estates seeking to recover nearly a billion dollars of payments.[1] The Residents alleged that these facilities were improperly licensed under Florida law and therefore any services they rendered were "unbillable." Rather than suing the facilities, the facilities' owners, or the facilities' license-holders, the Residents sued Michael Bokor—the purported owner of the nursing facilities' management company—and

_____

[1] For brevity we refer to putative class action members as "the Residents." The named plaintiff-appellants are: (1) Betty M. Smith, as personal representative of the Estate of Shirley T. Cox; (2) Judith A. Ballew, attorney-in-fact of John E. Ballew; and (3) Mark F. Lapp, as personal representative of the Estate of Roger J. Lapp. Shirley T. Cox, John E. Ballew, and Roger J. Lapp were all short-term residents of the nursing homes.

Marcus & Millichap, Inc.[2] (MMI)—a marketing company—both of whom the Residents claim played a role in fraudulently obtaining the licenses.

After adopting the Magistrate Judge's Report and Recommendation (R&R), the District Court dismissed the Residents' first amended complaint with prejudice. It also rejected the Residents' objection to the Magistrate Judge's order denying their motion for leave to file a second amended complaint. The Residents argue that the District Court erred. As to the dismissal of their first amended complaint, the Residents argue that the District Court misunderstood Bokor's role and misinterpreted case law and statutory authority applicable to the case. As to their motion to amend, the Residents argue that the District Court abused its discretion because their proposed amendments were not futile.

After careful review, and with the benefit of oral argument, we conclude that the Residents waived several objections to the Magistrate Judge's R&R, which the District Court adopted when granting Bokor's motion to dismiss. Particularly, the Residents failed to object to the Magistrate Judge's recommendation that the circumstances warranted abstention under the *Colorado River* doctrine. Likewise, the Residents waived the right to challenge the denial of their motion to amend because their objection to the Magistrate Judge's order was untimely. We therefore vacate the judgment of the District Court and remand with instructions to

_____

[2] The Residents voluntarily dismissed their claims against MMI with prejudice during this appeal.

stay the Residents' claims under the *Colorado River* abstention doctrine.

## I.  Background

The Residents were clients at twenty-two short-term skilled nursing facilities in Florida.  According to the first amended complaint,[3] operational control of these facilities was dispersed among three entities.  The first owned the land and buildings, the second held the operating licenses, and the third managed the facilities. The Residents allege that these facilities improperly obtained licenses from the Agency for Health Care Administration (AHCA) by omitting from their license applications that the facilities were operated by two management companies—first Southern SNF Management, Inc. and then Reliant Health Care Services, Inc. Such information is required under Florida law.  *See* Fla. Stat. § 408.806(1)(e) (2023).

Bokor owns SNF and Reliant.  The Residents asserted that Bokor submitted the license applications for the facilities.  And MMI was the commercial broker that marketed and sold the facilities to several non-party landlords, despite knowing that the facilities were improperly licensed.

The Residents alleged that all services provided by these facilities were performed by improperly licensed or unlicensed entities.  Because of this, the Residents believe that the facilities had no right to collect payments from residents or reimbursement from

---

[3] The first amended complaint is the operative complaint.

Medicaid and Medicare. And, "as a result of the [licensing] schemes," the Residents "were injured by being deceived into suffering substandard levels of care."

On January 5, 2018, the named Residents filed a class action in the Florida Circuit Court for the Thirteenth Judicial Circuit seeking damages. Shortly after, Bokor removed the case to federal court and moved to dismiss. The Residents then moved to remand to state court. They argued that the case fell within the local controversy exception to the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(4). After the District Court granted the Residents' motion, Bokor sought discretionary review and a direct appeal to our Court. We denied Bokor's application for discretionary review under 28 U.S.C. § 1453(c)(1), but we permitted his direct appeal under 28 U.S.C. § 1291 to proceed.

On direct appeal, we reversed the District Court's remand order. We held that the Residents failed to satisfy CAFA's local controversy or discretionary exceptions. *Smith v. Marcus & Millichap, Inc.* (*Smith I*), 991 F.3d 1145, 1161–63 (11th Cir. 2021). Following *Smith I*, the Residents moved to amend the complaint for the first time. And the District Court granted the Residents' motion. Beyond swapping Florida Racketeer Influenced and Corrupt Organizations (RICO) Act claims for federal RICO claims, the first amended complaint largely mirrored the original complaint. Relevant here, the first amended complaint raised two counts against Bokor:

- Count II alleged that the facilities and management companies owed a fiduciary duty to residents and breached those duties by operating unlawfully without properly obtained and valid licenses.  It also alleged that Bokor aided and abetted the breach of fiduciary duties by preparing and submitting materially false license applications.

- Count IV alleged that Bokor agreed to engage in a pattern of criminal activity in violation the RICO Act, 18 U.S.C. § 1962(d), by submitting the false license applications.

Bokor moved to dismiss the first amended complaint arguing, among other things, that the District Court should abstain from hearing the case under the *Colorado River* abstention doctrine. The Residents requested three extensions to respond to Bokor's motion, all of which the District Court granted.  Rather than respond, the Residents moved for leave to file a second amended complaint.  Bokor opposed the motion.

On September 16, 2021, the Magistrate Judge agreed with Bokor and denied the Residents' motion to amend.  The Magistrate Judge found that the proposed second amended complaint was futile and did not address any issues raised in Bokor's motion to dismiss.  The Magistrate Judge also noted that the only substantive change in the proposed second amended complaint was a new conspiracy count against Bokor, similar to the count already asserted against MMI.

The Magistrate Judge further reasoned that the Residents' motion was untimely.  Not only was the motion filed at the last

minute that their response to Bokor's motion was due, the Residents also provided no explanation why the conspiracy claim against Bokor could not have been added to the first amended complaint. Last, the Magistrate Judge concluded that allowing the amendment would prejudice Bokor. Allowing the amendment would require Bokor to move for dismissal a third time when the Residents had "only re-organized and re-numbered paragraphs" in the complaint. The Residents did not object to the Magistrate Judge's order within fourteen days under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1).

In her order denying the Residents' motion to amend, the Magistrate Judge also ordered the Residents to respond to Bokor's motion to dismiss. Once briefing was complete, the Magistrate Judge held a two-hour hearing and allowed post-argument submissions. Finally, on January 24, 2022, the Magistrate Judge issued an R&R recommending that the District Court grant Bokor's motion to dismiss. The Magistrate Judge based her recommendation on five independent bases: (1) lack of standing, (2) failure to state a claim, (3) the primary administrative jurisdiction doctrine,[4] (4) res

---

[4] The primary administrative jurisdiction doctrine is "a doctrine specifically applicable to claims properly cognizable in court that contain some issue within the special competence of an administrative agency. It requires the court to enable a 'referral' to the agency, staying further proceedings so as to give the parties reasonable opportunity to seek an administrative ruling." *Reiter v. Cooper*, 507 U.S. 258, 268 (1993).

judicata (as to Lapp), and (5) *Colorado River* abstention.[5]

On March 7, 2022, following several extensions, the Residents objected to the R&R. The Residents' objections focused on the R&R's rejection of their void ab initio license theory. They also objected to the R&R's conclusion that the Residents lacked standing to recover allegedly improper claims submitted to Medicare and Medicaid and the R&R's conclusion that the Residents failed to allege proximate causation for their RICO claims. Last, the Residents objected to the Magistrate Judge's earlier denial of their motion to amend. The Residents did not object to the R&R's other findings, including the recommendation of *Colorado River* abstention.

After another hearing, the District Court accepted and adopted the R&R in full. The Residents timely appealed.

## II.  Legal Standards

Generally, "[w]e review a district court's ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) *de novo*." *Myrick v. Fulton County*, 69 F.4th 1277, 1294 (11th Cir. 2023). "Likewise, we [generally] review a district court's grant of a motion to dismiss for failure to

---

[5] "*Colorado River* abstention allows a federal court to stay a case only 'when federal and state proceedings involve substantially the same parties and substantially the same issues.'" *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1286 (11th Cir. 2024) (quoting *Ambrosia Coal & Constr. Co. v. Pagés Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004)). *See generally Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

state a claim under Federal Rule of Civil Procedure 12(b)(6) *de novo.*" *Id.* "We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Id.*

That said, a party who fails to object to a magistrate judge's findings or recommendations in an R&R "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1. If necessary, we can review the unobjected-to findings and conclusions of the magistrate judge for "plain error or manifest injustice." *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (per curiam).

"Although we ordinarily review district court orders denying leave to amend a complaint for abuse of discretion, we review such decisions *de novo* when 'the denial is based on a legal determination that amendment would be futile.'" *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1285 (11th Cir. 2024) (first citing *Andrx Pharms., Inc. v. Elan Corp.*, 421 F.3d 1227, 1236 (11th Cir. 2005); and then quoting *Gonzalez v. City of Deerfield Beach*, 549 F.3d 1331, 1332–33 (11th Cir. 2008)). But "where a party fails to timely challenge a magistrate[ judge's] nondispositive order before the district court, the party waive[s] his right to appeal those orders in this Court." *Smith v. Sch. Bd. Of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam).

### III.  Discussion

The Residents challenge both the District Court's dismissal of their first amended complaint and the District Court's denial of their motion to amend.  We first address the District Court's order on Bokor's motion to dismiss and explain why the Residents waived any objection to the District Court's conclusion on *Colorado River* abstention.  We then explain why the Residents waived their challenge to the District Court's denial of their motion to amend.

### A.  Motion to Dismiss

The Residents challenge the District Court's order granting Bokor's motion to dismiss mainly on standing and merits-based grounds.  Bokor argues that we should affirm the District Court's order because the Residents waived their right to challenge most of the District Court's reasons for dismissal.  That includes the District Court's dismissal of Lapp's claims on res judicata grounds and other class members' claims under *Colorado River* abstention and the primary administrative jurisdiction doctrine.  We agree with Bokor.  And we do not find it necessary or appropriate to reach the legal issues the Residents raise because they waived arguments against the other reasons in the R&R that the District Court adopted.

To begin, because Bokor raises both standing and abstention concerns, and because we have an independent obligation to ensure standing exists, we must determine whether we may decide this appeal on *Colorado River* abstention grounds without confirming the existence of constitutional standing.  *See FW/PBS, Inc. v.*

*City of Dallas*, 493 U.S. 215, 231 (1990).  As the Supreme Court has explained, "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'"  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). Of course, that leeway "is not unbounded."  *Fla. Wildlife Fed'n Inc. v. U.S. Army Corps of Eng'rs*, 859 F.3d 1306, 1324 (11th Cir. 2017) (Tjoflat, J., specially concurring).  Deciding between threshold non-merits grounds requires inquiry into a "non-exhaustive and case-specific set of considerations," including "convenience, fairness, the interests served by structural principles such as federalism and comity, and judicial economy and efficiency."  *Id.*; *see also Sinochem*, 549 U.S. at 432.  Here, these considerations favor deciding this appeal on *Colorado River* abstention grounds.[6]  This is so

---

[6] The Residents also failed to object to the Magistrate Judge's res judicata analysis.  Whether res judicata is truly a "non-merits ground for dismissal" and thus a threshold issue is debatable.  *Compare Finneman v. Laidlaw*, 57 F.4th 605, 608 & n.2 (8th Cir. 2023) (declining to address res judicata because the plaintiffs lacked standing), *with Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008) (recognizing that a federal court may have leeway to dismiss on res judicata grounds before determining standing, but concluding that the court had no such leeway because "the res judicata analysis [was] no less burdensome than the standing inquiry").  We need not resolve that debate here because, as discussed above, the Residents waived any argument against *Colorado River* abstention.

Additionally, the Residents failed to object to the Magistrate Judge's primary administrative jurisdiction doctrine analysis.  And their initial appellate brief contains no argument on the primary administrative jurisdiction doctrine issue.  We could just as easily affirm on this basis instead.  But—given the Magistrate Judge's finding that the Residents' counsel has already "brought

12                    Opinion of the Court                    22-11951

because, as described below, the Residents waived this issue both before the District Court and on appeal.

> Under Eleventh Circuit Rule 3-1,
>
> [a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.

That's what happened here.

Nowhere in the Residents' objection to the R&R did they adequately challenge the Magistrate Judge's *Colorado River* analysis—despite being warned "of all of the consequences that would attach to [their] failure to object." *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191 (11th Cir. 2020). At best, they make a vague argument that the R&R "mischaracteriz[ed] . . . other lawsuits which [the Residents] may have filed in state courts in Florida." That objection failed to "clearly advise the [D]istrict [C]ourt and pinpoint specific findings that the [Residents] disagree[d] with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) (per curiam). Because the Residents did "not lodg[e] specific objections to the [M]agistrate [J]udge's reasoning in h[er] R&R

---

nearly thirty [substantially similar] cases in seven counties throughout Florida" against Bokor—we conclude that the above considerations caution against burdening AHCA in addition to the Florida state courts.

about" *Colorado River* abstention, they have waived any argument against it.    *See Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022).

True, we can review waived objections "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  But review for plain error "rarely applies in civil cases."  *Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011).  "Even when it does, we require a greater showing of error than in criminal appeals."  *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton County*, 590 U.S. 644 (2020).  That "rare exception doesn't apply here because [the Residents] didn't argue in [their] initial brief that reviewing [their] waived objections was necessary and in the interests of justice."  *Smith v. Dewberry*, No. 21-10607, 2022 WL 1948947, at *2 (11th Cir. June 6, 2022) (Luck, J., concurring in part and dissenting in part).

What's more, the Residents' initial appellate brief contains no discussion about *Colorado River* abstention.  At oral argument, the Residents' counsel all but admitted this and tried to explain that this argument was "subsumed" in the initial brief.  But we require parties to raise arguments plainly and prominently.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  And the Residents' attempt to resurrect any argument against *Colorado River* abstention in their reply brief comes too late.  *See id.* at 683.

In sum, there is no sign that the interests of justice would be served by conducting a plain-error review of the dismissal.  We therefore decline to review the District Court's decision to dismiss

the Residents' first amended complaint on *Colorado River* absten-tion grounds.

### B.  Motion to Amend

The Residents also argue that the District Court's adoption of the Magistrate Judge's order denying their motion to amend was "highly prejudicial and was improper as a matter of law."  They contend that the second amended complaint was the first pleading designed for federal court requirements because the case was orig-inally filed in state court.  In response, Bokor explains that the Res-idents' objection was untimely and that the proposed second amended complaint was futile as it made only inconsequential changes.  We agree with Bokor that the Residents' objection came too late.

Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to."  We have read Rule 72 to mean that "where a party fails to timely challenge a magistrate's nondisposi-tive order before the district court, the party waived his right to appeal those orders in this Court."  *Smith*, 487 F.3d at 1365.

The Magistrate Judge's September 16, 2021, order denying the Residents' motion to amend was a nondispositive pretrial rul-ing.  Under Rule 72(a), the Residents had to object by September 30, 2021.  But—as the Residents' counsel conceded at oral argu-ment—they did not.  Instead, they waited 173 days and objected at the tail-end of their objection to the Magistrate Judge's R&R on

Bokor's motion to dismiss.  Because the Residents did not timely object to the Magistrate Judge's order, they have waived this issue.

## IV.  Conclusion

As to the District Court's adoption of the R&R and dismissal of the Residents' complaint, we hold that the Residents waived any objections to the Magistrate Judge's reasoning in her R&R about *Colorado River* abstention.  We therefore **VACATE** the judgment of the District Court and **REMAND** with instructions to stay the Residents' claims under the *Colorado River* abstention doctrine.

As to the District Court's denial of the Residents' motion to amend, we hold that the Residents failed to timely object to the Magistrate Judge's order.  We therefore **AFFIRM** on that basis.