[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11068

Non-Argument Calendar

_____

LINDA DEVORE,

Plaintiff-Appellant,

*versus*

NORTHWEST FLORIDA STATE COLLEGE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cv-23951-MCR-HTC

_____

2                    Opinion of the Court                    24-11068

Before BRASHER, KIDD, and HULL, Circuit Judges.

PER CURIAM:

Linda DeVore appeals the district court's order granting summary judgment in favor of the defendant, Northwest Florida State College ("NWFSC"), on her failure-to-hire age discrimination claims brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1)(a), and denying as moot DeVore's cross-motion for partial summary judgment. After review, we affirm.

## I.  BACKGROUND FACTS

### A.  DeVore's Application for NWFSC Position

At the time of the events giving rise to this action, DeVore was a 69-year-old attorney licensed in California and Washington. After moving to Florida in 2019, DeVore began the process for admission to the Florida bar and took the Florida bar exam.

On October 28, 2020, while awaiting her exam results, DeVore applied through the Indeed website for NWFSC's open position of associate vice president and general counsel. In addition to completing the online application, DeVore submitted some materials, including copies of (1) her undergraduate, graduate, and law school transcripts, which listed her birth date, (2) her diploma for her master's degree in education, (3) documents reflecting her membership on a law school journal and a law school

honor society, (4) documents indicating she had written two chapters of a treatise on California probate law, and (5) a PowerPoint presentation.

DeVore left blank the portion of the application asking for her employment history. Her submitted materials did not include a traditional resume or any other chronological employment history identifying her past employers and positions. Instead, in the box where Indeed asked for a resume, DeVore uploaded her PowerPoint presentation.

In that presentation, DeVore had a single "Qualifications" slide that (1) merely identified several California institutions at which DeVore had worked as an adjunct professor for unspecified periods of time; (2) stated vaguely that she had "practiced law in various settings for many years, with a few hiatus experiences"; and (3) stated that her practice of law exceeded five years.[1]

After submitting her application, DeVore received a confirmation from Indeed indicating that she needed to submit a cover letter. DeVore prepared a cover letter that: (1) explained that she had sent a PowerPoint presentation in lieu of a traditional resume; (2) emphasized her teaching experience; and (3) stated that she had passed the Florida ethics exam and character clearance and

---

[1] In her deposition, DeVore explained that she intentionally omitted her employment history from her application materials and submitted a PowerPoint instead of a traditional resume, at least in part, to keep NWFSC from contacting her prior employer who had been disciplined by the California bar and was being criminally prosecuted for stealing probate funds.

was awaiting her Florida bar exam results. The letter also discussed three legal cases she had won, two of which resulted in published opinions. DeVore's letter, however, did not identify any law firms or employers where she had practiced law. DeVore submitted the cover letter, either through Indeed or directly to NWFSC's human resources department. NWFSC denies receiving her cover letter.

Later, at NWFSC's request, DeVore and the other applicants for the position submitted 10-minute video presentations introducing themselves and answering several questions.

## B.    NWFSC Screening Committee Rankings

NWFSC's president, Dr. Devin Stephenson, formed an initial screening committee, made up of himself and four other NWFSC administrators. The screening committee's task was to review and rank the applicants for the position, but the final hiring decision fell to Dr. Stephenson.

On November 17, 2020, NWFSC's screening committee met and reviewed the applications and video presentations. Each member individually ranked the nine applicants still under consideration, and the rankings were compiled into a final composite ranking. DeVore was ranked ninth and last in the final composite ranking.

In a sworn declaration, Dr. Stephenson explained that several factors contributed to DeVore's last place ranking, including: (1) the committee was not impressed with her application materials, (2) she left "completely blank" the work history section of her application, (3) in lieu of a resume, she

submitted a PowerPoint that also did not list any prior employers or academic experience, (4) none of her other documents reflected her employment history or professional experience, (5) she was not a Florida licensed attorney at the time, and (6) the committee deemed other candidates to have stronger video presentations. Dr. Stephenson described DeVore's video presentation as "noteworthy" for its unprofessionalism and stated that the committee determined DeVore could not be employed in the position "based on her presentation alone."

The applicant who eventually obtained the position, Whitney Rutherford, was second in the screening committee's final composite rankings. Dr. Stephenson explained that several factors contributed to Rutherford's second-place ranking, including: (1) Rutherford's "outstanding" video presentation, (2) her employment history, which included a federal clerkship and relevant experience at a private law firm, (3) Rutherford's academic achievements, including graduating at the top of her law school class, and (4) the fact that Rutherford had a Florida bar license and was a member of the Florida bar in good standing.

## C.　Interviews and Selection of Rutherford

On November 17, 2020, NWFSC invited the top three ranked applicants, Rutherford, David Kutch, and Robert Lange, to participate in virtual interviews with the screening committee. At that point, DeVore was no longer in consideration for the position.

After the virtual interviews, Rutherford and Kutch were invited for in-person interviews on the campus. On December 1,

2020, after conducting the in-person interviews, Dr. Stephenson decided to hire Rutherford as the most qualified and best candidate. Rutherford was roughly 27 years old at the time. Rutherford was offered the position on December 2, 2020, signed an employment agreement on December 4, 2020, and began working at NWFSC on January 19, 2021.

During the hiring process, DeVore spoke with members of NWFSC's human resources department several times. On November 20, 2020, DeVore called to advise that she had passed the Florida bar exam, and on December 2, 2020, she called again to advise she had been admitted to practice law in Florida. It is undisputed that this information was not passed on to the screening committee or Dr. Stephenson. A human resources specialist with NWFSC testified that, in fairness to all the applicants, additional information outside the application materials is not permitted after an application deadline unless it is requested by the college, such as when the college is unable to reach an applicant's reference. Finally, on December 7, 2020, DeVore was called and told she was not selected for the position. When DeVore asked why she was not hired, she was told other candidates were more qualified.

## II.  PROCEDURAL HISTORY

### A.    Complaint and Cross Motions for Summary Judgment

In state court, DeVore filed a counseled amended complaint against NWFSC alleging age discrimination under the ADEA and Florida law. NWFSC removed the action to federal court and filed

24-11068                Opinion of the Court                7

an answer.    During the discovery period, DeVore's counsel withdrew and DeVore proceeded *pro se*.

Following discovery, DeVore filed a motion for partial summary judgment, arguing she had established a *prima facie* case of age discrimination under the ADEA and the FCRA.  NWFSC filed a cross-motion for summary judgment as to both claims, arguing that (1) DeVore did not make a *prima facie* case for age discrimination because she was not qualified for the general counsel position or show that NWFSC's legitimate, nondiscriminatory reason was pretext for age discrimination and (2) DeVore did not establish a "convincing mosaic" of circumstantial evidence of age discrimination.

## B.    Report and Recommendation

On November 17, 2023, a magistrate judge issued a thorough and comprehensive report and recommendation ("R&R") recommending that the district court grant NWFSC's summary judgment motion and deny DeVore's summary judgment motion as moot.    The R&R first noted that age discrimination claims under the ADEA and FCRA are analyzed using the same frameworks.

Then, using the *McDonnell Douglas* burden-shifting framework,[2] the R&R first concluded that DeVore had established a *prima facie* case of age discrimination.    The R&R rejected NWFSC's argument that DeVore was not qualified for the general

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

counsel position because she was not licensed to practice law in Florida when she applied, a minimum qualification listed in the job posting. The R&R stressed that NWFSC had not enforced its own minimum qualifications when it considered the candidates in the applicant pool as Rutherford was a member of the Florida bar but did not meet one of the other minimum requirements. The R&R also noted that NWFSC admitted it had based its decision not to hire DeVore on factors other than her minimum qualifications.

The R&R also determined that NWFSC had proffered legitimate, nondiscriminatory reasons for choosing Rutherford over DeVore—"Rutherford was ranked higher, had an outstanding video presentation, provided a more thorough application which revealed her academic achievements and employment history, and was a better overall candidate."

The R&R concluded that DeVore had failed to carry her burden to show NWFSC's reasons were pretext for age discrimination. The R&R rejected DeVore's arguments as to why she demonstrated pretext. First, the R&R reviewed DeVore's and Rutherford's qualifications as reflected in their application materials and rejected DeVore's claim that hers were "so superior to Rutherford's that no reasonable person could have chosen Rutherford over her." The R&R rejected all of DeVore's other arguments in great detail. The R&R again explained its analysis thoroughly.

Alternatively, the R&R evaluated all of DeVore's circumstantial evidence under the "convincing mosaic" approach

and concluded it would not permit a reasonable jury to infer intentional age discrimination.

The R&R concluded that DeVore (1) had not established NWFSC's reason for not hiring her was pretext and that the real reason was DeVore's age and (2) had not otherwise presented circumstantial evidence that would allow a jury to infer age discrimination. Indeed, the R&R found that DeVore's age discrimination claims rested only on speculation and that the "mere fact that an employer decided to hire a younger candidate rather than an older candidate does not allow a reasonable jury to conclude that decision was discriminatory."

## C.    District Court's Adoption of the Unobjected-to R&R

The November 17, 2023 R&R included a notice to the parties that objections to the R&R's findings and recommendations must be filed within 14 days (i.e., until December 1, 2023). Citing Eleventh Circuit Rule 3-1, the notice warned that "[a] party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions."

Neither party filed objections to the R&R.

On March 14, 2024, almost four months after the R&R was issued to the parties, the district court entered an order: (1) stating that no objections to the R&R were filed despite notice and an opportunity to do so, (2) stating that the district court had reviewed the R&R and the record and determined the R&R should be

adopted, (3) adopting and incorporating the R&R, and (4) granting NWFSC's motion for summary judgment and denying as moot DeVore's motion for partial summary judgment.    DeVore appealed.

## III.  STANDARD OF REVIEW

Generally, we "review a district court's rulings on cross-motions for summary judgment *de novo*, viewing the facts in the light most favorable to the nonmoving party on each motion." *Signor v. Safeco Ins. Co. of Ill.*, 72 F.4th 1223, 1227 (11th Cir. 2023). Under Eleventh Circuit Rule 3-1, however, a party who fails to object to a magistrate judge's findings or recommendations contained in an R&R in accordance with the provisions of 28 U.S.C. § 636(b)(1) "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object."  11th Cir. R. 3-1.

To be sure, Rule 3-1 permits this Court to review waived objections "for plain error if necessary in the interests of justice." *Id.*  "But review for plain error rarely applies in civil cases," and "[e]ven when it does, we require a greater showing of error than in criminal appeals." *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1099 (11th Cir. 2024).  Moreover, this Court has said plain error does not apply when the appellant's initial brief fails to argue that review of the waived objections "was necessary and in the interests of justice." *Id.*  Under the heightened civil plain error standard, "we will consider an issue not raised in the district court if it involves a

pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022) (quotation marks omitted).

## IV. DISCUSSION

### A. Waiver

DeVore did not object to the R&R, despite being informed by the notice in the R&R of the time period to object and the consequences of not objecting. Thus, DeVore waived her right to challenge the unobjected-to findings and conclusions in the R&R adopted and relied upon by the district court in granting NWFSC's summary judgment motion and denying her summary judgment motion. *See* 11th Cir. R. 3-1.

### B. DeVore's Initial Brief on Appeal

In her initial brief, DeVore does not argue that this Court must review those findings and conclusions in the interests of justice. To the contrary, DeVore's initial brief ignored her waiver entirely, argued the applicable standard of review was *de novo*, and used that preserved-error standard to argue that this Court should overturn the district court's summary judgment ruling. Under these circumstances, we do not review the unobjected-to R&R. *See Smith*, 106 F.4th at 1099 (stating that the "rare exception" of plain error review in civil cases "doesn't apply here because [the appellants] didn't argue in their initial brief that reviewing their waived objections was necessary in the interests of justice" (alterations adopted)).

## C.    DeVore's Reply Brief

DeVore's reply brief acknowledges her failure to file objections to the R&R in the district court and to make an interests-of-justice argument in her initial brief to this Court.  DeVore argues she nonetheless is entitled to plain error review.

By way of explanation, DeVore's reply brief states that: (1) she did not address the plain error standard in her initial appellate brief "because [she] had no understanding of Local Rule 3-1"; (2) in the district court, she did not file objections to the R&R because it was filed "shortly before the Thanksgiving holiday," and she "was unaware that the Report had been filed at that time"; (3) "she never knew about or saw the Report until after the fourteen (14) day deadline for filing objections had already passed"; and (4) "[i]f the Magistrate's Report and Recommendation[] was timely sent to [her], it went to a general AOL email address and was likely lost in between a large amount of spam emails."  DeVore also notes her *pro se* status and contends she "has scant experience with federal case litigation."

Under the particular circumstances presented here, DeVore's belated explanation and *pro se* status do not satisfy the "interests of justice" requirement for plain error review.  We require all *pro se* litigants to comply with court rules and orders. *See, e.g.*, *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("Despite construction lenience afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that

a *pro se* litigant "is subject to the relevant law and rules"). This is especially true when the *pro se* litigant is a licensed attorney such as DeVore.

We note also that DeVore's carefully worded argument does not contend that she received inadequate or untimely notice of the time period to object to the R&R and the consequences for failing to do so. Rather, she admits that she overlooked the R&R sent to her AOL email address, which we note was DeVore's email address on record with the district court. It was incumbent upon DeVore to monitor her email account for notices of electronic court filings.

In addition, DeVore's claimed ignorance of Rule 3-1 cannot excuse her waiver. The notice in the R&R alerted DeVore to Rule 3-1's existence and its potential effect on her appeal. Once DeVore became aware of the R&R, she would have also been aware of Rule 3-1. Yet her initial appeal brief failed to argue for plain error review in the interests of justice under that rule.

Finally, even if we were to review DeVore's claims on the merits, we would find no plain error. The R&R cited and applied the appropriate legal standards, including the *McDonnell Douglas* framework and the alternative "convincing mosaic" approach, used to analyze a circumstantial evidence case of age discrimination. *See McCreight v. AuburnBank*, 117 F.4th 1322, 1334 (11th Cir. 2024). Moreover, after a careful review of the summary judgment record, we agree with the R&R's conclusion, adopted by the district court, that DeVore's circumstantial evidence would not

permit a reasonable jury to find age discrimination, either at the pretext stage of the *McDonnell Douglas* framework or under the alternative "convincing mosaic" approach.

Several of DeVore's arguments warrant brief discussion. First, DeVore argues the district court erred in accepting factual allegations in Dr. Stephenson's declaration about the hiring process. DeVore contends Dr. Stephenson's declaration, even when unrebutted, could not be accepted as true because it contained impermissible hearsay and was uncorroborated. DeVore does not identify any particular statement in Dr. Stephenson's declaration and explain why it is inadmissible hearsay under the Federal Rules of Evidence and why it could not be reduced to an admissible form. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012). In any event, DeVore did not raise any hearsay objection to Dr. Stephenson's declaration in the district court and thus forfeited this issue on appeal. *See Harris v. Pub. Health Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1301 (11th Cir. 2023).

Further, Dr. Stephenson's declaration was based on his personal knowledge as a participant in the hiring process, first as a member of the screening committee and later as the ultimate decisionmaker who hired Rutherford. Dr. Stephenson's declaration did not require further corroboration for the magistrate judge and then the district court to accept its factual allegations about the hiring process that were unrebutted by DeVore. *See* Fed. R. Civ. P. 56(c)(1), (4).

Moreover, Dr. Stephenson's declaration was sufficient to satisfy NWFSC's intermediate burden of production to articulate a legitimate, nondiscriminatory reason for its decision not to hire DeVore for the general counsel position. *See Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1205 & n.14 (11th Cir. 2013). We note also that Dr. Stephenson's explanation for why DeVore did not advance past the screening committee's review and ranking process, including that the committee was "not impressed by [her] application materials," *was* corroborated by the individual ranking sheets of the screening committee members, all of whom ranked DeVore either eighth or ninth out of the nine remaining applicants, and by the final composite ranking sheet that placed DeVore ninth overall.

Second, DeVore takes issue with NWFSC's legitimate, nondiscriminatory reason that Rutherford was a better candidate than she was, asserting it is "too vague" to be a legitimate reason. This claim is belied by the record. Dr. Stephenson gave a clear and reasonably specific explanation for why he and the rest of the screening committee believed Rutherford was more qualified than DeVore. *See Chapman v. AI Transport*, 229 F.3d 1012, 1034 (11th Cir. 2000) (en banc) ("A subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which it based its subjective opinion.") Specifically, Rutherford, unlike DeVore: (1) gave an "outstanding" video presentation, (2) fully disclosed her work history, including identifying her past employers, (3) graduated at the top of her law school class and obtained a federal

clerkship, and (4) was already licensed to practice law in Florida when she applied.

DeVore argues that she was actually the better candidate and that NWFSC had "the burden of proving no reasonable juror would ever agree" that DeVore was the better candidate. DeVore misunderstands the parties' respective burdens at summary judgment. As already discussed, NWFSC merely needed to articulate its legitimate, nondiscriminatory reason that Rutherford was more qualified than DeVore for the position, which it did. It was DeVore's burden to prove that this reason was pretextual, which she could do by showing that the disparity in her and Rutherford's qualifications was "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen" Rutherford. *See Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1349 (11th Cir. 2007).[3]

We agree with the R&R, adopted by the district court, that DeVore failed to do so here. DeVore's own belief that she was the more experienced or qualified candidate does not create a material factual dispute. *See Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1254 (11th Cir. 2000). And none of DeVore's application materials, including her cover letter, described her prior employment history in a way

---

[3] In evaluating the purported disparities in qualifications, the R&R quoted language in a parenthetical—that disparities must be so great "as to virtually jump off the page and slap you in the face"—that the Supreme Court has rejected as "unhelpful and imprecise." *See Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006). The proper articulation of the standard in this Circuit is the one stated above, which is the standard the R&R actually applied.

that conveyed her qualifications and experience as a practicing attorney to NWFSC, much less conveyed significantly superior qualifications and experience compared to Rutherford.[4]

Finally, DeVore argues the district court misapplied *Brown v. American Honda Motor Co.*, which states that statistics "without an analytic foundation, are virtually meaningless." 939 F.2d 946, 952 (11th Cir. 1991). DeVore claims the data she presented in a table in her summary judgment briefing (listing applicants' law school graduation dates and place in the final composite ranking) were not "statistics." Regardless of how the information in her table is characterized, the district court was correct that it did not show a correlation between the applicants' ages and rank (or even between their graduation dates and rank) and thus did not support an inference of age discrimination.

## V. CONCLUSION

In sum, by failing to object to the R&R, DeVore waived her right to appeal its factual and legal conclusions. *See* 11th Cir. R. 3-1; *Roy*, 53 F.4th at 1351. And even if we were to exercise our discretion and review DeVore's claims for plain error, she has not

---

[4] On appeal, DeVore discusses four other applicants she says failed to include their employment histories on their applications. DeVore does not include citations to the summary judgment record. Instead, she represents that she obtained all applicants' application materials in discovery, reviewed them "in depth and can, therefore make accurate statements about candidates' application forms." Our review is limited to the evidence before the district court at summary judgment. *See Chapman*, 229 F.3d at 1026.

shown any error, much less met the heightened civil plain error standard. *See Smith*, 106 F.4th at 1099.

For these reasons, we affirm the district court's order granting NWFSC's motion for summary judgment and denying as moot DeVore's motion for partial summary judgment on her two age discrimination claims.

**AFFIRMED.**