[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-12660

Non-Argument Calendar

————————————————

JOHN OIRYA,

Plaintiff-Appellant,

*versus*

MANDO AMERICA CORPORATION,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:19-cv-00635-ECM-CWB

————————————————

Before ROSENBAUM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

John Oirya, proceeding *pro se*, appeals the district court's order denying his second motion to amend his complaint to add claims for gender discrimination under Title VII of the Civil Rights Act ("Title VII"). On appeal, he argues that the court abused its discretion by denying his second motion for leave to amend his complaint because he demonstrated diligence and good cause after the deadlines to move for leave to file amended pleadings and to conclude discovery. After thorough review, we affirm.

I.

The relevant background is this. In September 2019, Oirya brought a complaint alleging one count of denial of a reasonable accommodation and one count of retaliation, both under the ADA. He claimed that his employer, Mando American Corporation ("Mando"), had fired him because of his sleep disorder and denied him the opportunity to confront the disability-related allegations against him, and that Mando retaliated against him for raising a concern about the denial of his request for a reasonable accommodation. In January 2020, the district court entered a uniform scheduling order, setting a deadline of April 9, 2020, for Oirya to file any motions to amend the pleadings.

On November 24, 2020, a month after discovery had closed and eight months after the deadline to amend the pleadings had passed, Oirya moved to amend his complaint to add two more ADA

counts based on newly discovered evidence: one for disparate treatment for denying him a reasonable accommodation while providing one to a comparator, Veronica Alfa, and one for wrongful termination.  The allegedly new evidence came from the deposition of Audie Swegman, a human resource manager who Oirya said had given Alfa a reasonable accommodation concerning her use of medication that caused her to sleep on the job but denied one to Oirya.  The district court denied Oirya's motion for leave to amend because it was untimely and Oirya did not establish good cause for the delay since he failed to establish why he did not diligently pursue the allegedly new information earlier.

On March 14, 2021, Oirya again sought leave to amend his complaint, this time to add two Title VII sex discrimination claims. Oirya said he'd timely filed a Title VII charge with the EEOC and that the statute of limitations period for his Title VII claims began to run in November 2020 when he discovered that Alfa was a comparator.  On January 14, 2022, the magistrate judge denied Oirya's motion to amend, finding that Oirya failed to show good cause for not seeking leave to amend earlier to add his Title VII claims.  The magistrate judge explained that Oirya had alleged in the complaint that Swegman was involved in his termination, and that Oirya admitted that he received discovery about Alfa months before Swegman's deposition.  Oirya did not appeal the magistrate judge's order or otherwise object to it in the district court.

Then, in March 2023, the magistrate judge issued a Report and Recommendation ("R&R") that recommended granting

Mando's motion for summary judgment, the district court adopted the R&R, and Oirya appealed. In April 2024, a panel of this Court dismissed Oirya's appeal of the magistrate judge's denial of his motion to amend for lack of appellate jurisdiction because Oirya had never challenged the magistrate judge's January 2022 order in district court. In the same decision, we affirmed the district court's grant of summary judgment since Oirya failed to establish a prima facie case as to his failure-to-accommodate or his retaliation claims.

On May 6, 2024, Oirya filed in district court a "motion for partial final judgment on the magistrate judge's report and recommendation" as to his March 2021 motion for leave to amend his complaint to add his two Title VII claims. Noting that the motion cited Federal Rules of Civil Procedure 54(b) and 60, the district court ruled that "although [it] doubt[ed] that the Plaintiff's motion [was] a procedurally proper, timely appeal of the Magistrate Judge's January 14, 2022 order denying his motion for leave to amend (doc. 48), the Court will assume without deciding that it is." It then concluded that Oirya had not shown good cause to amend pursuant to Rule 16(b), after the scheduling order's deadline to amend pleadings had long expired, and denied Oirya's motion for partial judgment. Oirya appealed once again.

II.

We review a district court's denial of a motion to amend a complaint for abuse of discretion. *Smith v. Casey*, 741 F.3d 1236, 1243–44 (11th Cir. 2014). Likewise, we review the district court's ruling on a motion under Rule 60 -- as the motion was styled here

-- for abuse of discretion. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Under Fed. R. Civ. P. 72(a), when a magistrate judge enters a non-dispositive pretrial ruling, a party must object to that ruling within 14 days after being served with a copy of the order, and "may not assign as error a defect in the order not timely objected to." *See* Fed. R. Civ. P. 72(a). The district judge must consider a timely objection and modify or set aside any part of the order that is clearly erroneous or contrary to law. *Id.* When a party fails to object to a magistrate judge's ruling regarding a non-dispositive pretrial matter, the party waives the right to challenge the ruling on appeal. *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1365 (11th Cir. 2007); *see Farrow v. West*, 320 F.3d 1235, 1248 n.21 (11th Cir. 2003) (explaining that a *pro se* litigant waived the right to appellate review of a magistrate judge's non-dispositive order by not objecting in district court as required by Rule 72(a)).

A magistrate judge's order denying a motion to amend a complaint is a non-dispositive pretrial ruling. *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1099–1100 (11th Cir. 2024). In *Smith*, after the defendants filed a motion to dismiss the plaintiffs' first amended complaint, the plaintiffs moved to file a second amended complaint. *Id.* at 1096. The magistrate judge denied the motion to amend, and the plaintiffs did not object to the magistrate judge's order within 14 days as required under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1). *Id.* After briefing on the motion to dismiss, the magistrate judge issued an R&R recommending that the motion to

dismiss be granted. *Id.* The plaintiffs objected to the R&R and also objected to the earlier denial of their second motion to amend. *Id.* at 1097. We ultimately determined that the plaintiffs waited 173 days to object to the order denying their second motion to amend and thus waived the issue on appeal because they failed to timely object to the magistrate judge's order. *Id.* at 1100.

Under Rule 15(a), a plaintiff may amend his complaint once as a matter of course within 21 days of serving it or within 21 days after the defendant's service of the answer or a Rule 12(b) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). After this time, a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should "freely give leave when justice so requires." *Id.* However, "a motion to amend may be denied on numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (quotations omitted). "Moreover, it is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments, and past the deadline for filing dispositive motions." *Id.* (quotations and brackets omitted).

Further, a plaintiff seeking leave to amend his complaint after the scheduling order deadline must demonstrate "good cause" under Fed. R. Civ. P. 16(b). *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). The "good cause standard precludes modification unless the schedule cannot be met despite

the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotations omitted). "The lack of diligence that precludes a finding of good cause is not limited to a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes." *S. Grouts & Mortars*, 575 F.3d at 1241 n.3. "That lack of diligence can include a plaintiff's failure to seek the information it needs to determine whether an amendment is in order." *Id*.

We've held in a Title VII racial discrimination and retaliation case that "a plaintiff's judicial complaint is limited by the scope of the [Equal Employment Opportunity Commission ("EEOC")] investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quotations omitted). The proper inquiry is whether the plaintiff's "complaint was like or related to, or grew out of, the allegations contained in her EEOC charge." *Id*. We have allowed claims "if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint." *Id*. at 1279–80 (quotations omitted).

## III.

Here, Oirya, proceeding *pro se*, argues that the district court abused its discretion by denying, as untimely, his motion for leave to amend his complaint to add his two Title VII sex discrimination claims. We disagree.

For starters, as the district court recognized, Oirya filed his motion challenging the magistrate judge's January 14, 2022 order

on May 6, 2024 -- only after our Court determined, in April 2024, that we lacked jurisdiction to consider Oirya's challenge to the magistrate judge's order because he failed to appeal the order to the district court -- and far past the 14-day deadline.  Oirya thus waived this issue on appeal by failing to timely object to the magistrate judge's non-dispositive order.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Smith*, 106 F.4th at 1099–1100; *Farrow*, 320 F.3d at 1249 n.21.

In any event, there is no merit to his claim.  Even if we were to assume that Oirya could argue that he properly exhausted these claims because they grew out of his initial EEOC charge, he failed to demonstrate why he could not have amended his complaint to add his Title VII claims earlier.  *Gregory*, 355 F.3d at 1279–80.  The new claims, according to Oirya, are based on Mando's more favorable treatment of Alfa, another employee who was found asleep on the job.  But Oirya's only explanation for his delay in seeking leave to add claims comparing his situation to Alfa's was that he did not know that Swegman was the common decisionmaker for his and Alfa's disciplinary issues until Swegman's deposition at the end of the discovery period.  But the complaint reflects that Oirya knew Swegman was involved in Oirya's termination, and Oirya admitted that he learned, during discovery, of documents showing that Alfa had been found sleeping on the job.  Oirya has not explained why, upon his receipt of the documents concerning Alfa, he did not seek further discovery about Mando's alleged disparate treatment between him and Alfa earlier in the discovery period to see whether Swegman was

involved in Alfa's treatment, nor whether Swegman's involvement mattered. Nor does Oirya explain why he waited until Swegman's deposition at the end of the discovery period to explore this claim without seeking any further extensions. As we've noted, lack of diligence is not limited to plaintiffs who lack full knowledge of the information necessary to amend, but also includes those who fail to seek out the information necessary to determine whether to amend their complaint. *S. Grouts & Mortars*, 575 F.3d at 1241 n.3.

On this record, the district court acted well within its discretion in denying Oirya's motion to amend for undue delay under Rule 15(a), especially where he waited until many months after the close of discovery and the deadline to amend the pleadings to file his motion. *Carruthers*, 357 F.3d at 1218. Similarly, the district court did not err in determining that Oirya's lack of due diligence precluded a finding of good cause to amend his complaint after the scheduling order deadline pursuant to Rule 16(b). *S. Grouts & Mortars*, 575 F.3d at 1241; *Sosa*, 133 F.3d at 1418. Accordingly, the district court did not abuse its discretion in denying Oirya's motion to amend his complaint to add the Title VII sex discrimination claims, and we affirm.

**AFFIRMED.**