**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11327

Non-Argument Calendar

————————————

JAMES BAILEY,

*Plaintiff-Appellant,*

*versus*

LUIS A. LOPEZ-RIVERA,
   Dr.,

*Defendant-Appellee,*

CENTURION LLC, et al.,

*Defendants.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00169-AW-MAF

————————————

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant James Bailey appeals two orders denying his motion to amend his complaint and dismissing his 42 U.S.C. § 1983 claims of Eighth Amendment deliberate indifference against Defendants-Appellees Centurion, LLC (Centurion), Dr. Luis Lopez-Rivera, and the Florida Department of Corrections (FDOC). He argues that the district court erred in dismissing his complaint on Rule 12(b)(6) grounds as to Centurion and Dr. Lopez-Rivera because he plausibly alleged enough facts to support his claim to relief. He also argues that the district court's denial of leave to amend his complaint was erroneous because his proposed complaint as amended was not futile because he plausibly alleged enough facts to support his claim of relief against Secretary Ricky Dixon in either his individual or official capacity. After careful review, we affirm.

## I.

When a party fails to object to a magistrate judge's report and recommendation (R&R) after being informed of the right to object, the time for objecting, and the consequences of failing to object, that party waives the right to challenge the district court's order on appeal if it was based on those unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1. But we may nonetheless review waived objections to a magistrate judge's R&R findings "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. This plain-error review "rarely applies in civil cases." *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1099 (11th Cir. 2024) (quotation marks omitted). And that exception will not apply when the appellant does not argue in his initial brief that reviewing his waived objections is "necessary and in the interests of justice." *Id.*

Bailey argues that the district court erred in dismissing his claim against Centurion because his complaint properly alleged a custom of Centurion and showed that Centurion had delegated policymaking authority to Lopez-Rivera.  But Bailey never objected to the R&R that recommended granting Centurion's motion to dismiss.  The R&R that addressed Centurion's motion was filed on September 19, 2023, and provided Bailey with notice that he must object and that a failure to object would lead to waiving his right to challenge the issues within the R&R.  The district court issued its order adopting in part the R&R on December 12, 2023.  Despite receiving proper notice and adequate time, Bailey failed to object.  Because Bailey did not object, he waived his right to challenge the district court's ruling.  Further, Bailey's arguments focus on the merits of the dismissal and not why his objection to Centurion's dismissal is necessary and in the interests of justice.  *Smith*, 106 F.4th at 1099.  Thus, we affirm as to this issue.

## II.

We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff.  *Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which when accepted as true, states a claim to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Id.* While a reviewing court must accept as true all allegations in a dismissed complaint, this principle does not apply to legal conclusions. *Id.* Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice. *Id.*

The Eighth Amendment guarantees that cruel and unusual punishments shall not be inflicted by state actors. U.S. Const. amend. VIII. Deliberate indifference to serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain that is proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

A complaint that a prison physician has been merely negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Id.* at 106. To state a cognizable Eighth Amendment claim, a prisoner must allege acts or omissions committed with "subjective recklessness" that resulted in an "objectively serious" deprivation. *Wade v. McDade*, 106 F.4th 1251, 1253 (11th Cir. 2024) (en banc). To show subjective recklessness, a plaintiff must show that the defendant was "actually aware" that his own conduct caused a substantial risk of serious harm to the plaintiff. *Id.* at 1261.

Bailey argues that the district court erred in dismissing the Eighth Amendment deliberate indifference claim against Dr. Lopez-Rivera because his complaint sufficiently alleged a serious medical need that Lopez-Rivera knowingly chose a grossly inadequate remedy for. Although Bailey acknowledges that there was extensive medical treatment, including X-rays, pain medications,

many visits, and physical therapy, he asserts that it was not the correct type of treatment and thus rose to the level of deliberate indifference. But as the Supreme Court and this court has explained, a doctor's alleged failure to order further diagnostic testing and other "forms of treatment" were "matter[s] for medical judgment" that did not constitute deliberate indifference. *See Estelle*, 429 U.S. at 107; *see also Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (affirming the district court's finding of no Eighth Amendment violation when the record showed "significant medical care" while in jail, although the appellant might have desired a different type of treatment); *see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (applying *Estelle* to rule out Eighth Amendment liability insofar as there was only a dispute over treatment type).

The complaint does not contain facts that provide an inference as to Dr. Lopez-Rivera's subjective recklessness, a required element for a deliberate indifference claim. Instead, Bailey's complaint used only threadbare recitals of the elements of a cause of action to show the subjective recklessness component of deliberate indifference. These conclusory statements are not enough to state a claim for relief. *See Ashcroft*, 556 U.S. at 678.

Thus, Bailey fails to show how the district court erred in dismissing his Eighth Amendment claim against Dr. Lopez-Rivera for failure to state a claim. We affirm as to this issue.

## III.

We review a district court's denial of leave to amend a complaint for abuse of discretion. *Burger King Corp. v. Weaver*, 169 F.3d

1310, 1315 (11th Cir. 1999). Denial of leave to amend is not an abuse of discretion if the proposed amendments are futile. *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1102–03 (11th Cir. 2021). Proposed amendments are futile if the complaint, as amended, still faces dismissal. *Id.* at 1102.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court. *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). The Eleventh Amendment does not, however, prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law. *Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents*, 633 F.3d 1297, 1308 (11th Cir. 2011).

Bailey argues that the district court erred in denying his motion to amend in finding that the substitution of Secretary Dixon for FDOC still renders the complaint subject to dismissal. But Bailey failed to show how the district court abused its discretion because his proposed amendments were futile and subject to dismissal as amended. His amendments fail to state a claim against Secretary Dixon in his official capacity because—even if only injunctive relief is sought—it fails to sufficiently plead subjective recklessness, again only making conclusory recitations of the elements of

25-11327              Opinion of the Court                7

deliberate indifference.  His amendments also fail to state a claim against Secretary Dixon in his individual capacity because there are no facts pled that allege his personal involvement in Bailey's medical treatment or the promulgation of the 90-day pill policy.

**AFFIRMED.**