**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10936
Non-Argument Calendar
_____

CAROLYN WRIGHT,

*Plaintiff-Appellant,*

*versus*

GEORGIA STUDENT FINANCE COMMISSION,
   A Government Agency,
WENDEL BROWN,
   In his individual capacity as a Sr. Manager Operation, GSFC,

*Defendants-Appellees,*

GEORGIA COMMISSION ON EQUAL OPPORTUNITY,
   A Government Agency, et al.,

*Defendants.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-00410-TRJ
_____

Before ROSENBAUM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Carolyn Wright, proceeding pro se, appeals the district court's grant of summary judgment to Defendants-Appellees Georgia Student Finance Commission (GSFC), her former employer, and Wendel Brown, her former supervisor, on her claims of race discrimination, retaliation, and hostile work environment harassment, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983.

On appeal, Wright argues the district court erred in considering GSFC's and Brown's statement of material facts as admitted. Wright also claims the district court erred in denying her motion to strike affidavits submitted by Brown and three other employees of GSFC. Further, Wright contends the district court should have granted her own motion for summary judgment, and the court erred in dismissing her claims against the other individual defendants. Finally, Wright argues the district court erred in granting GSFC's and Brown's motion for summary judgment on her claims.

After careful review, we affirm the district court's ruling.

## I.

Under the Northern District of Georgia Local Rule 56.1(B)(2), which aligns with the Federal Rules of Civil Procedure, a party opposing summary judgment must specifically refute each of the facts listed in the moving party's statement of undisputed

facts, or the district court will consider each of the unrefuted facts admitted.  N.D. Ga. R. 56.1(B)(2)(a)(2); Fed. R. Civ. P. 56(e)(2).

An affidavit or declaration in support of a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  Under the sham affidavit rule, a court may disregard an affidavit if it flatly contradicts, without any explanation, clear testimony that the declarant provided at an earlier deposition. *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984).

We review the denial of a motion to strike affidavits for abuse of discretion.  *See Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000).  We review a district court's application of its local rules for abuse of discretion. *United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015).  "The district court's interpretation of its own rules is entitled to great deference, and the challenging party bears the burden of showing that the district court made a clear error of judgment."  *Id.*  A district court abuses its discretion when it applies the wrong legal standard, follows the wrong procedures, or makes a clearly erroneous finding of fact.  *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (per curiam).  Although pro se pleadings should be liberally construed, courts should not serve as a pro se party's counsel or rewrite a deficient pleading to sustain an action.  *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014).

4                    Opinion of the Court                    25-10936

Here, Wright did not submit a response refuting GSFC's and Brown's statement of facts, as was required by local rules. She appears to argue on appeal that the court erred in taking the statement of facts as admitted because her own deposition refuted their testimony. As to her sham affidavit argument, Wright merely claims that the affidavits contradicted her own testimony. She does not provide evidence that the affidavits contradicted the declarant's prior testimony nor evidence that the affidavits were submitted in bad faith or were otherwise improper.

Thus, we find the district court did not abuse its discretion in considering GSFC's and Brown's statement of facts as admitted because Wright provided no valid grounds for objecting to the statement of facts. We also find the district court did not abuse its discretion in denying Wright's motion to strike the affidavits because she did not provide evidence showing them to be sham affidavits.

## II.

A legal claim or argument not briefed on appeal is abandoned. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). A claim is abandoned on appeal when it is made in passing or raised in a perfunctory manner without supporting arguments or authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Here, even construing Wright's brief liberally, she abandoned any argument as to the district court's denial of her own motion for summary judgment and its dismissal of her claims

against the other GSFC manager defendants. Wright makes one reference to her own motion for summary judgment and does not argue how the district court erred in its denial. Further, Wright broadly asserts that the court acted without legitimate cause in dismissing her claims against the other GSFC manager defendants without citing to legal authority or making supporting arguments. She claims the district court did not adequately explain its reasoning, but the magistrate judge's report & recommendation (R&R) and the district court's order adopting it explained the reasons for dismissing her claims against the other GSFC manager defendants.[1]

Thus, Wright abandoned any argument that the district court erred in denying her motion for summary judgment and in dismissing her claims against the other GSFC manager defendants.

### III.

We review de novo a district court's grant of summary judgment. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001). In doing so, we view all evidence and factual inferences reasonably drawn from that evidence in the light most favorable to the non-moving party. *Id.* at 1277.

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material facts and the movant

---

[1] Wright also argues that the dismissal was improper because her free speech rights were violated, but she never brought a free speech claim and cannot amend her complaint in a brief opposing summary judgment. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam).

is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Eleventh Circuit Rule 3-1 states that a party who fails to object to a magistrate judge's findings or recommendations contained in an R&R "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object."  *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1098 (11th Cir. 2024) (quotation marks omitted). But we may nonetheless review waived objections to a magistrate judge's R&R findings "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  This plain error review "rarely applies in civil cases."  *Smith*, 106 F.4th at 1099 (quotation marks omitted).  And that exception will not apply when the appellant does not argue in her initial brief that reviewing her waived objections is "necessary in the interests of justice."  *Id.*

Here, the district court adopted the magistrate judge's R&R to grant GSFC's and Brown's motion for summary judgment and deny Wright's motion for summary judgment.  Wright generally objected to the R&R.  But because she failed to make specific objections to the magistrate judge's findings or recommendations in the R&R, Wright has waived her right to appeal the district court's order on her discrimination, retaliation, and hostile work

environment claims.  We may not review for plain error under the exception because Wright did not argue in her initial brief that reviewing her waived objections was necessary and in the interests of justice.  *See Smith*, 106 F.4th at 1099.  Thus, we affirm the district court's granting of summary judgment as to GSFC and Brown.[2]

**AFFIRMED.**

---

[2] Even if not waived, the district court did not err in granting summary judgment to GSFC and Brown.  Wright cannot establish a discrimination claim because she has not identified a proper comparator nor provided evidence that any alleged harassment she experienced was based on her race.  Further, the record shows that GSFC fired Wright because she refused to attend her performance review, rather than for any reason related to unlawful retaliation or race.