**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-10887

Non-Argument Calendar

————————————————

MICHAEL JAMES PALMER,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-00168-KKM-AAS

————————————————

Before NEWSOM, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Michael Palmer, proceeding *pro se*, appeals a Social Security Administration ("SSA") administrative law judge's ("ALJ") May 2023 denial of disability insurance benefits ("DIB") for his alleged

period of disability between December 27, 2007, and March 31, 2010.  On appeal, Palmer argues that the ALJ abused its discretion in denying him benefits because, among other things, the ALJ did not substantially consider his 2007 medical records, X-rays, and dental damage, and the evidence about the amount of serious trauma caused to his organs refutes the ALJ's decision and original diagnostic impression.  After thorough review, we affirm.

We "review de novo the district court's determination as to whether the ALJ's decision was supported by substantial evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).  We review the ALJ's decision as the SSA Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review SSA cases to determine whether the Commissioner's decision was supported by substantial evidence and whether the correct legal standards were applied. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence is "more than a scintilla" and is the "relevant evidence . . . a reasonable person would accept as adequate to support a conclusion."  *Id.*  Under this limited standard of review, we do not decide the facts anew, make credibility determinations, or re-weigh evidence, and we will affirm where substantial evidence supports the decision, "even if the preponderance of the evidence weighs against it." *Buckwalter*, 5 F.4th at 1320.

An individual claiming Social Security DIB must prove that he is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.

2005). The Social Security regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i)–(v), (b)–(g). First, if a claimant is engaged in substantial gainful activity, he is not disabled. *Id.* § 404.1520(a)(4)(i), (b). Second, the medical severity of the claimant's impairment is determined, and the severe impairment or combination of impairments also must meet a 12-month duration requirement. *Id.* §§ 404.1509, 404.1520(a)(4)(ii). However, if the claimant has no impairment or combination of impairments that significantly limits his ability to do basic work activities, he is not disabled. *Id.* § 404.1522(a). "Basic work activities" are defined as "abilities and aptitudes necessary to do most jobs" and include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." *Id.* § 404.1522(b).

For claims filed on or after March 27, 2017, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." *Id.* § 404.1520c(a). Instead, an ALJ must consider any submitted medical opinion or prior administrative medical finding using five enumerated factors. *Id.* § 404.1520c(a), (c). Because the "most important" factors for evaluating the persuasiveness of a medical opinion are "supportability" and "consistency," the ALJ must explain how he considered those two factors. *Id.* § 404.1520c(a), (b)(2). "Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his

or her medical opinion(s) or prior administrative medical find-ing(s), the more persuasive the medical opinions or prior adminis-trative medical finding(s) will be." *Id.* § 404.1520c(c)(1). "Con-sistency," in turn, means that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the ev-idence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior admin-istrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

However, "there are no magic words" the ALJ must use in giving weight to medical opinions or in discounting them. *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1276 n.14 (11th Cir.), *cert. denied sub nom.*, *Raper v. O'Malley*, 145 S. Ct. 984 (2024). The ALJ can re-ject any medical opinion if the evidence supports a contrary finding but may not substitute his own opinion on medical issues for the opinions of medical experts. *See Sharfarz v. Bowen*, 825 F.2d 278, 280–81 (11th Cir. 1987). Further, the ALJ is not required to refer to every piece of evidence provided by a claimant, so long as the de-cision does not broadly reject the claimant's position or disregards the claimant's whole medical condition. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

"[T]he ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). "A full and fair record not only ensures that the ALJ has fulfilled his duty to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts, but it also enables us on appeal

to determine whether the ultimate decision on the merits is rational and supported by substantial evidence." *Welch v. Bowen*, 854 F.2d 436, 440 (11th Cir. 1988) (citation modified).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers and will be liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). *Pro se* litigants still must comply with applicable procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). So, "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned," and we do "not address arguments raised for the first time in a *pro se* litigant's reply brief." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation modified). Further, arguments raised for the first time on appeal that were not presented in the district court are waived except under special circumstances. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004). "Any issue that an appellant wants the Court to address should be specifically and clearly identified in the brief." *Id.* at 1330. The Federal Rules of Appellate Procedure provide that an "appellant's brief must contain . . . a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record," as well as an argument section that must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(6), (8)(A).

Under Eleventh Circuit Rule 3-1, a party who fails to object under 28 U.S.C. § 636(b)(1) to a magistrate judge's findings or recommendations contained in a report and recommendation ("R&R") "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3-1. However, when a party does not object, we "may review on appeal for plain error if necessary in the interests of justice." *Id.*

Reviewing waived objections for plain error "rarely applies in civil cases" and does not apply when the appellant does not argue in their initial brief that reviewing their waived objections "was necessary and in the interests of justice." *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1099 (11th Cir. 2024) (citation modified). "Under the civil plain error standard, we will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1352 (11th Cir. 2017) (citation omitted).

The appeal before us concerns Palmer's application for DIB following a 2007 gunshot wound to his chest. In May 2023, the ALJ issued an unfavorable decision denying him DIB for the period relevant to this appeal -- December 2007 to March 2010 -- and Palmer's request for further review was denied. Palmer then filed a *pro se* complaint in the United States District Court for the Middle

25-10887                    Opinion of the Court                    7

District of Florida, arguing, among other things, that the ALJ had not adequately considered his medical evidence.

On January 30, 2025, a magistrate judge issued an R&R recommending that the district court affirm the SSA's decision, reasoning that the ALJ had considered all relevant medical evidence and that Palmer had failed to show that he could not perform work during the relevant period. On February 14, 2025, Palmer filed with the district court an "Email To [the] A.L.J.'s," arguing that the ALJs had abused their discretion by not considering important facts, attaching various e-mails between him and others, and including just one sentence in an attachment that the R&R's "Proposed Findings" were incorrect. On February 18, 2025, the district court entered an order explaining that even though Palmer submitted his February 14 filing after the 14-day period for objections had passed, it reviewed the magistrate judge's legal conclusions de novo, adopted the R&R, and affirmed the SSA's decision. Palmer then timely appealed to us from the district court's February decision, so this decision -- and its underlying materials, which includes the ALJ's May 2023 decision and medical evidence only from 2007 to March 2010 -- is the decision at issue in this appeal.[1]

---

[1] This means that we will not address Palmer's discussion of evidence postdating March 2010 or his arguments about the ALJ's failure to evaluate the damage caused by his dental service providers, his alleged incorrect diagnosis of bipolar, and other issues with his original diagnostic impression – none which are relevant to the ALJ's May 2023 decision. Nor will we address any arguments Palmer raised for the first time in his reply brief or raised before his

We begin by noting that Palmer's February 14 filing was un-
timely and did not give adequate notice that Palmer was objecting
to the R&R, since it failed to identify which findings of fact or con-
clusions he was objecting to.  Thus, Palmer waived the right to
challenge the unobjected-to factual findings and legal conclusions
the district court adopted from the magistrate judge's R&R.  *See*
11th Cir. R. 3-1.  In addition, Palmer has not argued to us that we
should review the district court's order for plain error if in the in-
terests of justice.  *Smith*, 106 F.4th at 1099.

Regardless, even if we were to exercise our discretion to re-
view for plain error, the ALJ did not err, much less plainly err, in
denying Palmer's application for DIB.  As the record shows, sub-
stantial evidence in the record supported the ALJ's determination
that Palmer did not have a severe impairment during the relevant
period and was not disabled.  In his decision, the ALJ considered
the relevant X-ray reports and "the medical opinions and prior ad-
ministrative medical findings," and properly evaluated the persua-
siveness of the medical opinions for "supportability" and "con-
sistency."  In so doing, the ALJ specifically explained why he found
persuasive or unpersuasive the four medical opinions in Palmer's
record and why those medical opinions – some of which were
dated 2019, well outside the relevant period -- did not support that
Palmer had a severe impairment during his alleged period of disa-
bility.  The ALJ further considered that while Palmer's gunshot

---

"Argument and Citations of Authority" section in his reply brief.  *Timson*, 518
F.3d at 874; *Access Now*, 385 F.3d at 1331; Fed. R. App. P. 28(a)(6), (8)(A).

25-10887                Opinion of the Court                9

wound could have produced his alleged symptoms, the intensity, persistence, and limiting effects of his symptoms were not "entirely consistent" with the evidence in the record, including Palmer's five X-ray reports.  It's also worth noting that the ALJ was not required to refer to every piece of evidence Palmer offered, including the irrelevant evidence dated after March 2010.  *Dyer*, 395 F.3d at 1211.

In short, the relevant reports and medical evidence were substantial evidence that supported the ALJ's conclusion that Palmer had materially improved by January 15, 2008, over two years before the last insured date of March 31, 2010, and that Palmer did not have a severe impairment during his alleged period of disability. *See Winschel*, 631 F.3d at 1178.[2]  Therefore, there is no purely legal error as to this issue that is necessary to correct in the interests of justice or to prevent a miscarriage of justice under the civil plain error standard. *Smith*, 106 F.4th at 1099; *Burch*, 861 F.3d at 1352; 11th Cir. R. 3-1.

**AFFIRMED.**

---

[2] As for Palmer's claim that his representatives during the DIB process misrepresented him, supplied false records to the SSA and withheld pertinent material, Palmer does not specify what material or evidence they withheld or how that evidence could have affected the ALJ's decision.  Without more, we cannot evaluate whether this material could have affected the rationality of the ALJ's "ultimate decision on the merits." *Welch*, 854 F.2d at 440.