**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-13442

Non-Argument Calendar

————————————

ALTURO PASCO,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER, GEORGIA DEPARTMENT OF
CORRECTIONS,
AUTRY SP WARDEN,
SERGEANT MARSHALL,
CAPTAIN ZIRKLE,
MR. BRYANT,
  Food Services Director,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:21-cv-00004-LAG-TQL

————————————

Before LUCK, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Following the height of the COVID-19 pandemic, Georgia prisoner Alturo Pasco filed suit against several Autry State Prison officials, alleging that they were deliberately indifferent to inmate health and safety and interfered with the practice of his religion. The district court ultimately dismissed Pasco's Religious Land Use and Institutionalized Persons Act claim as moot and granted summary judgment to the prison officials on Pasco's First and Eighth Amendment claims. Pasco now appeals, challenging several of the district court's rulings. We now affirm the dismissal.

## I. BACKGROUND

In January 2021, Pasco filed his pro se 42 U.S.C. § 1983 complaint against Georgia Department of Corrections Commissioner Timothy Ward and three Autry State Prison ("ASP") officials: Warden Darrin Myers, Sergeant Molly Marshall, and Captain Russell Zirkle (collectively, the "Prison Officials"). Pasco asserted that the conditions at ASP and the Prison Officials' failure to implement policies to mitigate the spread of the COVID-19 virus demonstrated their deliberate indifference to inmate health and safety. He additionally alleged that the Prison Officials interfered with his practice of Islam by failing to ensure that he received Halal or vegan meals while he was housed in medical isolation. Pasco further asserted that Ramadan coincided with his time in medical isolation between April and May 2020, and Sergeant Marshall, Captain

Zirkle, and Warden Myers refused to serve him meals before sunrise and after sunset, which prevented him from breaking his fast.

When filing his complaint, Pasco also moved for appointment of counsel and alleged that he (1) was unable to afford an attorney, (2) needed assistance with his claims and locating witnesses, and (3) had not received responses to counsel inquiries made to civil rights organizations. Upon review of the complaint and pending motion, a magistrate judge issued an "Order and Recommendation" ("O&R"). As relevant here, the magistrate judge found that Pasco's religious interference allegations could raise claims under either the Religious Land Use and Institutionalized Persons Act ("RLUIPA") or the First Amendment. While the magistrate judge found that the First Amendment claims should be allowed to proceed, he advised dismissal of any RLUIPA claims because Pasco's release from medical isolation in June 2020 and subsequent reception of dietary accommodations rendered injunctive relief inappropriate. The magistrate judge also denied Pasco's counsel motion because the facts of his claim were "neither complicated nor unusual," the relevant law was "neither novel nor complex," and Pasco's need to present witnesses was not an exceptional circumstance.

The magistrate judge also advised Pasco of his right to object to the O&R within fourteen days and cautioned that failure to timely object "waive[d] the right to challenge on appeal the district judge's order based on [unobjected-to] factual and legal conclusions." Pasco timely objected to the O&R, but only raised

arguments relevant to the denial of his motion to appoint counsel. While these objections were pending, Pasco successfully amended his complaint to add ASP's Food Services Director Bruce Bryant as a defendant. Pasco also moved to compel discovery, indicating that he had not received responses to discovery requests despite conferring with opposing counsel via telephone. The magistrate judge denied this motion but allowed for an extended discovery period at the request of the Prison Officials.

In November 2021, the district judge adopted the O&R. The court overruled Pasco's objections and denied his counsel motion without prejudice because he had (1) filed multiple "coherent" pleadings, (2) successfully amended his complaint, (3) presented "straightforward" First and Eighth Amendment claims, and (4) had personal knowledge of the alleged events sufficient to present his case without "significant investigation." The court also adopted the magistrate judge's other determinations, including the recommendation to dismiss Pasco's RLUIPA claims without prejudice.

Pasco thereafter filed several motions, including a second motion to compel discovery and a second motion for appointment of counsel, both of which were denied, as well as a motion to exceed the limit on requests for production, which was granted.

The Prison Officials then moved for summary judgment on the remaining claims, providing numerous pieces of evidence and asserting several arguments, including their entitlement to qualified immunity. Once Pasco responded to the motion and supplied his own supporting evidence, the magistrate judge issued a report

and recommendation ("R&R") finding that summary judgment for the Prison Officials was appropriate.

The magistrate judge explained that COVID-19 posed an objectively substantial risk of serious harm, but Commissioner Ward and Warden Myers responded reasonably to that risk by implementing multiple mitigating procedures. The magistrate judge noted that the impossibility of implementing social distancing in a prison and the danger of infectious diseases did not establish that Commissioner Ward and Warden Myers had been subjectively reckless, and Pasco's contraction of the virus "c[ould not] alone establish a culpable state of mind on behalf of" the Prison Officials.

As to Pasco's First Amendment claims, the magistrate judge found that, even viewing the facts in the light most favorable to Pasco, he "did not suffer more than a temporary or insubstantial burden on his First Amendment rights" because he did not establish that Sergeant Marshall denied him meals "on a significant number of occasions," and the isolated acts alleged did not create a substantial burden on his religious freedom. The magistrate judge followed similar reasoning to recommend granting summary judgment as to Pasco's claim that his meals were not distributed in a manner such that he could observe Ramadan. The magistrate judge also recommended summary judgment to the extent Pasco pursued a supervisory liability theory, as he failed to establish that: (1) Bryant or Warden Myers personally delivered his meals, (2) there was widespread abuse of dietary policies, or (3) Bryant and Warden Myers personally caused the alleged constitutional

deprivations. Finally, the magistrate judge concluded that because there was "no constitutional violation based on the facts provided," the Prison Officials were entitled to qualified immunity. In concluding the R&R, the magistrate judge again notified the parties of their right to object within fourteen days and warned that failure to object "waive[d] the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."

Pasco objected to the R&R and opposed several aspects of the magistrate judge's analyses of the evidence and relevant caselaw. Pasco did not, however, challenge the magistrate judge's determination as to qualified immunity.

The district judge adopted the R&R in full and entered judgment in favor of the Prison Officials. The court engaged in a de novo review of the challenged portions of the record before overruling Pasco's objections and further noted that it found no clear error in the unobjected-to portions of the R&R. Pasco now appeals.[1]

---

[1] The Prison Officials suggest that Pasco's notice of appeal is invalid because his wife signed it instead of him. However, they abandoned any such argument by raising it in only a footnote of their brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014); *see also Cote v. R.J. Reynolds Tobacco Co.*, 909 F.3d 1094, 1109 n.8 (11th Cir. 2018). And, in any event, Federal Rule of Civil Procedure 11(a)'s signature requirement is not jurisdictional. *Becker v. Montgomery*, 532 U.S. 757, 764–65 (2001).

## II. STANDARD OF REVIEW

We review the district court's refusal to appoint counsel for abuse of discretion. *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999). Mootness "is a question of law that we review de novo." *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). We likewise generally review a district court's grant of summary judgment de novo. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).

## III. DISCUSSION

A. *The District Court Did Not Abuse Its Discretion in Denying Pasco Appointment of Counsel*

Appointment of counsel in a civil case is "a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (citation modified). In making this determination, courts should consider:

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence 'will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination'; and (5) whether the appointment of counsel would be of service to the parties and the court 'by sharpening the issues in the case,

> shaping the examination of witnesses, and thus short-
> ening the trial and assisting in a just determination.'

*DeJesus v. Lewis*, 14 F.4th 1182, 1204 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

Pasco has not shown that his case presented any of these "exceptional circumstances." While he asserts that he raised complex and "high-stakes" legal issues, his complaint and response to the Prison Officials' motion for summary judgment properly identified the applicable legal standards and analyzed whether the facts of his case satisfied those elements. He also successfully pleaded multiple claims that avoided dismissal, amended his complaint to add a party, requested discovery from opposing counsel, obtained evidence to support his allegations, and pursued several motions and objections throughout his case. Pasco also could not show that counsel would have been helpful to assist in deciphering conflicting evidence, as the magistrate judge and district judge accepted the truth of Pasco's allegations but nonetheless concluded that the facts did not give rise to a constitutional deprivation.

In short, we cannot say that Pasco needed "help in presenting the essential merits of his . . . position[s] to the [lower] court." *Kilgo*, 983 F.2d at 193. We therefore conclude that the district court did not abuse its discretion in denying Pasco appointment of counsel.

B. *The District Court Did Not Err in Failing To Evaluate Pasco's Purported Equal Protection Claim*

Pasco next argues that the facts of his complaint "clearly support" an Equal Protection claim, and the district court erred by failing to liberally construe his filing and consider the merits of this purported claim. However, Pasco did not raise this argument below, and we need not consider it on appeal in the first instance. *See Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1261, 1271–72 (11th Cir. 2019); *see also Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022) ("Under the civil plain error standard, we will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." (citation modified)).

While Pasco is correct that pro se pleadings are held to a less strict standard than those drafted by counsel, pro se litigants are still required to follow procedural rules. *Roy*, 53 F.4th at 1346. Pasco's complaint did not mention the Equal Protection Clause or include any allegations that the Prison Officials treated Muslim inmates differently than inmates of other faiths. *See Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006) (outlining the elements of an Equal Protection claim). Pasco also never requested to amend his complaint to add such allegations and failed to present to the lower court any alleged error in evaluating the content of his complaint when objecting to either the O&R or R&R. *See Gennusa v. Canova*, 748 F.3d 1103, 1116 (11th Cir. 2014) ("If parties hope to preserve a claim, argument, theory, or defense on appeal, they must first clearly present it to the district court, that

is, in such a way as to afford the district court an opportunity to recognize it and rule on it." (citation modified)); *see also* 11th Cir. R. 3-1.

We therefore decline to construe Pasco's complaint to allege a violation of the Equal Protection Clause and find no error in the district court's failure to evaluate such a claim.

## C. *Pasco Waived the Ability To Challenge the Dismissal of His RLUIPA Claim*

Pasco additionally argues that the district court erroneously dismissed his RLUIPA claim. But Pasco did not include a challenge to the magistrate judge's recommendation to dismiss any RLUIPA claim in his objections to the O&R, despite being warned of the consequences of failing to do so. Pasco has therefore waived his right to challenge the unobjected-to findings and conclusions relied upon by the district court in dismissing his RLUIPA claim. *See* 11th Cir. R. 3-1; *Roy*, 53 F.4th at 1346.

Nonetheless, we may review waived objections "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. But even assuming Pasco meets this standard or has otherwise preserved his arguments for our review, we conclude that he cannot show reversible error. *See Roy*, 53 F.4th at 1351; *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1099 (11th Cir. 2024) (stating that "review for plain error rarely applies in civil cases," and "even when it does, we require a greater showing of error than in criminal appeals" (citation modified)).

23-13442                Opinion of the Court                11

To the extent Pasco sought monetary damages against the Prison Officials in their individual capacities, RLUIPA does not permit this relief. *See Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 563 U.S. 277 (2011). The doctrine of sovereign immunity similarly bars any claim for monetary damages brought against the Prison Officials in their official capacities. *Sossamon*, 563 U.S. at 285–89, 293. Thus, Pasco could seek only injunctive relief against the Prison Officials under RLUIPA. However, his allegations no longer present a live controversy to which a court could give meaningful injunctive relief, as Pasco has been transferred to a different prison, and he has indicated that he has received the appropriate dietary and meal-time accommodations since leaving ASP's medical isolation. *See Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009). Pasco likewise has not alleged that his case falls within an exception to the mootness doctrine, and the extraordinary circumstances surrounding the COVID-19 pandemic's coincidence with Ramadan in 2020 undermine any reasonable expectation Pasco would be subjected to similar treatment in the future. *See Arcia v. Fla. Sec'y of State*, 772 F.3d 1335, 1342–43 (11th Cir. 2014).

We therefore cannot say that the district court erred in dismissing any RLUIPA claim raised by Pasco.

### D. *Pasco Waived His Challenges To The District Court's Resolution Of His First And Eighth Amendment Claims*

Finally, Pasco challenges the grant of summary judgment to the Prison Officials on his First and Eighth Amendment Claims.

However, Pasco "must convince us that every stated ground for the judgment against him is incorrect," and he has waived review of an essential finding that the district court adopted in resolving these claims. *Sapuppo*, 739 F.3d at 680.

In this case, the magistrate judge found not only that no genuine issue of material fact existed with respect to the essential elements of Pasco's First and Eighth Amendment claims, but also that the Prison Officials were entitled to qualified immunity because no constitutional violation had been established. *See Gilmore v. Ga. Dep't of Corr.*, 144 F.4th 1246, 1258 (11th Cir. 2025) (en banc). Pasco did not challenge the magistrate judge's qualified immunity determination in his objections to the R&R, despite being notified of the consequences of failing to object to these findings, and the district judge adopted the R&R in full. As such, Pasco has waived the right to challenge the qualified immunity conclusion relied upon by the district judge in granting summary judgment to the Prison Officials. *See* 11th Cir. R. 3-1.

Pasco has not argued on appeal that review of this finding for plain error is necessary in the interests of justice. *See id.*; *Smith*, 106 F.4th at 1099 (stating that the "rare exception" of plain error review does not apply where the appellants do not "argue in their initial brief that reviewing their waived objections was necessary and in the interests of justice" (citation modified)). Indeed, Pasco fails to make any challenge to the qualified immunity determination in his initial brief. It is well established that issues not raised in the initial brief on appeal are deemed abandoned. *See Sapuppo*,

739 F.3d at 680–81; *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). While Pasco briefly addresses this argument in his reply brief, we have long held that an issue may not be raised for the first time in an appellate reply brief. *See Sapuppo*, 739 F.3d at 683; *Timson*, 518 F.3d at 874. As such, we conclude that Pasco failed to properly challenge the lower court's determination that qualified immunity shielded the Prison Officials from liability on his First and Eighth Amendment claims, and he needed to prevail on this issue to obtain reversal. *Cf. United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014).

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 680. Accordingly, we affirm the district court's entry of summary judgment in favor of the Prison officials.

## IV. CONCLUSION

We **AFFIRM** the district court's judgment entered in favor of the Prison Officials.