**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12355

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KIMBERLY KIEHL,

*Defendant-Appellant.*

_____

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 8:22-cr-00441-CEH-LSG-1

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Kimberly Kiehl appeals her conviction and 24-month sentence for mail fraud and selling counterfeit drugs in violation of 18 U.S.C. § 1341 and 21 U.S.C. §§ 331(i)(3), 333(a)(2). She pleaded

guilty and agreed to waive her right to appeal. She argues that her guilty plea was not knowing and voluntary, and that her sentence appeal waiver is unenforceable. We affirm.

## I.

According to the plea agreement, Kiehl sold misbranded and counterfeit drugs and medical devices that lacked FDA approval. She was charged with two counts of mail fraud, two counts of introduction of misbranded drugs and devices, and two counts of trafficking in counterfeit drugs and medical devices. She initially pleaded not guilty.

Kiehl asserted that she was not competent to stand trial due to a prior traumatic brain injury. She successfully moved to appoint an expert to conduct an independent psychiatric evaluation. The court-appointed psychologist concluded that Kiehl was "not competent to proceed to trial related to her apparent cognitive defects." The court ordered Kiehl hospitalized for four months pending further evaluation.

At the hospital, Kiehl attended weekly competency restoration classes and underwent a series of cognitive assessments. At the end of the program, she was evaluated by another psychologist, Dr. Jordana Pepper. Dr. Pepper concluded that Kiehl was competent to stand trial. She noted Kiehl had "sound factual knowledge and rational understanding of court proceedings," was "able to effectively engage in reciprocal communication," and had "demonstrated vast improvements over the course of her competency treatment."

Following her release from the hospital, Kiehl entered into a plea agreement with the government, in which she pleaded guilty to one count of mail fraud and one count of selling counterfeit drugs. According to the plea agreement, Kiehl "expressly waive[d] the right to appeal [her] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines." The only exceptions were if her sentence exceeded the guidelines range, exceeded the statutory maximum, or violated the Eighth Amendment, or if the government appealed. Kiehl signed every page of her plea agreement.

The parties attended a change-of-plea hearing before a magistrate judge. At the hearing, Kiehl's counsel affirmed that Kiehl was competent and that any issues had "been resolved." The magistrate judge then conducted a lengthy plea colloquy, in which Kiehl stated that she understood her rights, the consequences of pleading guilty, and the charges against her. Kiehl confirmed that she understood her plea agreement and intended to plead guilty. The magistrate judge also reviewed her sentence appeal waiver and confirmed she understood the terms. At the end of the colloquy, the magistrate judge found that Kiehl's decision to plead guilty was made "freely, voluntarily, knowingly, and intelligently." The magistrate judge accepted the plea, declared her intention to provide a written report and recommendation to the district judge, and informed Kiehl that she would have fourteen days to object to the report and recommendation.

In her report and recommendation, the magistrate judge recounted the plea colloquy and concluded that Kiehl was competent. Specifically, she explained that "[a]fter cautioning and examining the defendant under oath about each subject in Rule 11, I determined that the defendant's guilty plea is knowing and voluntary . . . . Therefore, I recommend accepting the plea of guilty, adjudicating the defendant guilty, and imposing a sentence." The report and recommendation notified the parties that they had fourteen days to file written objections under 28 U.S.C. § 636(b)(1). It stated that failure to timely object would result in waiving the right to challenge the district court's adoption of the report and recommendation. *See* 11th Cir. R. 3-1.

After the deadline passed without any party filing an objection, the district court formally accepted Kiehl's guilty plea. The court then held a sentencing hearing, at which Kiehl's counsel again confirmed that she was competent. The district court varied downwards and imposed a sentence of twenty-four months in prison.

Kiehl timely appealed.

## II.

In the absence of a proper objection to a magistrate judge's report and recommendation, we may review for plain error "if necessary in the interests of justice." *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1098 (11th Cir. 2024) (quoting 11th Cir. R. 3-1); *United States v. Graham*, 123 F.4th 1197, 1240 n.6 (11th Cir. 2024) (applying Rule 3-1 in a criminal case). We may reverse the district

court for plain error if we find four things: "First, there must be an error. Second, the error must be plain. Third, the error must affect substantial rights of the defendant. Fourth, the error must seriously affect the fairness, integrity, or public reputation of a judicial proceeding." *United States v. Carpenter*, 803 F.3d 1224, 1238 (11th Cir. 2015).

The determination of whether a defendant knowingly and voluntarily waived her right to appeal her sentence is reviewed *de novo*. *United States v. Bushe*rt, 997 F.2d 1343, 1352 (11th Cir. 1993).

### III.

Kiehl argues that we should reverse the district court because her guilty plea was not knowing and voluntary, and because it was induced by her attorney. She also argues that her sentence appeal waiver is unenforceable due to her "mental health issues." We disagree.

First, Kiehl waived her objection to the district court's acceptance of her guilty plea. Following the change-of-plea hearing, the magistrate judge "found that the defendant was competent to proceed with a guilty plea" and determined that Kiehl's guilty plea was knowing and voluntary. At the hearing, the magistrate judge expressly warned Kiehl that she had fourteen days to object to the recommendation. The report and recommendation itself notified her that failing to object would waive her right to challenge both "unobjected-to factual findings and legal conclusions." When the deadline came and went, the district court properly accepted Kiehl's guilty plea.

Under Local Rule 3-1, a party failing to object to a magistrate judge's proposed findings contained in a report and recommendation "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object." 11th Cir. R. 3.1. *See also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191 (11th Cir. 2020) (explaining that we will apply Rule 3-1 only where the party was given "clear notice" of the time period for objections and the consequences of failing to object).[1] Here, the magistrate judge informed Kiehl of the fourteen-day objection period and that failing to object would result in waiver of both factual and legal objections. Because Kiehl did not object to the report and recommendation, including its findings that she was competent and that her plea was knowing and voluntary, her objections based on those findings are waived.

Because she did not properly object to the report and recommendation, Kiehl requests that we review her claim under the

---

[1] We note that a party's failure to object to a report and recommendation on a *dispositive* order in a criminal case, which is later adopted by the district judge, does not raise the same problem as a party's failure to seek a district judge's review of a magistrate judge's *non-dispositive* order, which a district judge need not adopt or otherwise address absent an objection. *See O'Neal v. American Shaman Franchise Sys.*, 166 F.4th 1274, 1281–1283 (11th Cir. 2026) (noting that we lack jurisdiction over a criminal appeal in which the district judge has had no opportunity to review the challenged magistrate judge's order); *United States v. Schultz*, 565 F.3d 1353, 1362 (11th Cir. 2009) (same); *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (same).

plain error standard. In the absence of a proper objection to a report and recommendation, we may "review . . . for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. Even assuming justice requires plain error review, the district court's acceptance of Kiehl's guilty plea was not erroneous. Dr. Pepper's extensive psychological report established that Kiehl was fully competent to stand trial. Kiehl's attorney conceded that she was competent at both the change-of-plea and sentencing hearings. Although Kiehl contends that her "mental health issues" should have precluded acceptance of the plea, an allegation of mental illness or disability does not invalidate a guilty plea if the defendant was otherwise competent to enter it. *United States v. Rodriguez*, 751 F.3d 1244, 1252 (11th Cir. 2014).

Kiehl also argues that she pleaded guilty only because her attorney told her to, but she did not raise this issue before the district court. And we ordinarily do not entertain ineffective assistance of counsel claims raised for the first time on direct appeal. *See United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014). The sole exception, for cases where the record is "sufficiently developed" to permit review, does not apply here. *Id.* We therefore conclude that the district court did not plainly err in accepting Kiehl's guilty plea.

Second, Kiehl's sentence appeal waiver is enforceable. A sentence appeal waiver must be knowing and voluntary to be effective. *Bushert*, 997 F.2d at 1350. In order to prevail in its argument that we should enforce a sentence appeal waiver, the government

must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Id.* at 1351. The government need establish only one of the two requirements. *Id.* The "touchstone" for assessing whether an appeal waiver was made knowingly and voluntarily is whether the court clearly conveyed to the defendant that she was giving up her right to appeal under most circumstances. *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020).

During the change-of-plea hearing, the magistrate judge specifically questioned Kiehl concerning the sentence appeal waiver. She explained that Kiehl was waiving her right to appeal "except on four narrow grounds." The magistrate judge then discussed the four grounds (none of which apply in this case) and explained Kiehl was waiving her right to appeal "on all other grounds . . . including that the district judge made a mistake in calculating [the] sentencing guidelines range." The magistrate confirmed with Kiehl that she understood the appeal waiver. Kiehl agreed to be bound by it. The court thus made clear that Kiehl was giving up her right to appeal under most circumstances. *Boyd*, 975 F.3d at 1192. The waiver is therefore enforceable.

## IV.

**AFFIRMED.**