**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12457
Non-Argument Calendar
_____

W. A. GRIFFIN,

*Plaintiff-Appellant,*

*versus*

EMORY HEALTHCARE, INC.,

WENDY WRIGHT,

M.D.,

WILLIE SMITH, JR.,

M.D.,

DAN OWENS,

CEO,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-05060-MHC

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

W.A. Griffin, proceeding pro se, appeals the district court's grant of summary judgment in favor of Emory Health Inc., Wendy Wright, M.D., Willie Smith, Jr., M.D., and Dan Owens. She argues that the district court erred in denying her motion for leave to amend her complaint, which she filed after the deadline to amend. She further argues that the district court erred in granting summary judgment, even though she never objected to the magistrate judge's recommendation thereof. And she asserts that the judge below improperly failed to recuse. These arguments fail and, as a result, we affirm the district court.

**I.**

We review a district court's denial of a motion to amend a complaint for abuse of discretion. *Smith v. Casey*, 741 F.3d 1236, 1241 (11th Cir. 2014). And, generally, we hold pro se pleadings to a less stringent standard and liberally construe them. *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But that "leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168–69 (citation modified).

When the court imposes a scheduling order deadline, as it did here, a plaintiff seeking leave to amend his complaint after the deadline passes must demonstrate "good cause" under Federal Rule of Civil Procedure 16(b). *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). The "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citation modified). "The lack of diligence that precludes a finding of good cause" includes "a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes." *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241 n.3. And "it is not an abuse of discretion for a district court to deny a motion for leave to amend following the close of discovery, past the deadline for amendments[,] and past the deadline for filing dispositive motions." *Lowe's Home Centers, Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002).

Here, under Rule 16(b), the district court properly determined that Griffin failed to demonstrate good cause. She was not diligent, as she had the documents that formed the basis of her amendments since—at the latest—September 27, 2024, and did not file until four months later, on January 27, 2025. This filing came after the scheduling deadline (September 2, 2024) *and* after discovery had closed (January 9, 2025). Accordingly, the district court did not abuse its discretion here.

The fact that Griffin is a pro se litigant does nothing to change this analysis. For one, appearing before the court pro se

does not excuse her from compliance with "the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsom*, 863 F.2d 835, 837 (11th Cir. 1989). And, what's more, Griffin cannot claim ignorance of our rules and procedures, as she is a repeat litigant in federal court. In recent years "Griffin has filed more than two dozen cases either directly in the Northern District of Georgia or in state court that were later removed to that district court." *Griffin v. Coca-Cola Refreshments USA, Inc.*, 989 F.3d 923, 929 (11th Cir. 2021).

Consequently, we affirm as to this issue.

## II.

We review de novo a district court's grant of summary judgment. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001). In doing so, "[w]e view all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party." *Id.* at 1277. We may affirm for any reason supported by the record. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

Under Eleventh Circuit Rule 3-1, a party that fails to object to a magistrate judge's conclusions in a report and recommendation waives the right to challenge them on appeal. 11th Cir. R. 3-1; *Smith v. Marcus & Millichap, Inc.*, 106 F.4th 1091, 1097 (11th Cir. 2024). And to preserve his appellate rights, a party must clearly advise the district court of his objections by making specific objections to the magistrate judge's reasoning and specifically identifying factual issues. *See Smith*, 106 F.4th at 1099.

If a party fails to object and thus waives his appeal, we may review for plain error if necessary. *Id.* But, for us to do so, the party seeking plain error review must explain why such review is required in the interest of justice. *Id.* Further, plain error review "rarely applies" in civil cases. *Id.*

Here, Griffin waived any objection to the magistrate judge's findings and conclusions because she failed to object to the final R&R's recommendation of summary judgment. *Id.* And she does not argue in her initial brief that the interest of justice warrants plain error review of her arguments. As a result, we need not reach plain error review here. *Id.* Accordingly, we affirm as to this issue.

## III.

A judge's failure to recuse himself is reviewed for abuse of discretion. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

Generally, a judge must recuse himself in any proceeding in which "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). And it is well established that merely ruling against a litigant in a case is not sufficient to warrant dismissal. *See In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal."); *Jaffe v. Grant*, 793 F.2d 1182, 1189 (11th Cir. 1986) ("[A] motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case."); *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (stating that the allegation of bias must be "personal as opposed to judicial in nature").

An exception is where "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Jaffe*, 793 F.2d at 1189 (citation modified). This exception only applies in "rare cases." *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994). "[J]udicial remarks . . . that are critical or disapproving of, or even hostile to . . . the parties, or their cases, ordinarily do not support a bias or partiality challenge" unless "they reveal an opinion that derives from an extrajudicial source[.]" *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, Griffin's motion to recuse was meritless. She based her motion on the judge's statements and adverse rulings, none of which indicate either bias or partiality. Further, she failed to point to any of the judge's opinions that impermissibly derived from an extrajudicial source. Accordingly, we affirm.

**AFFIRMED.**